FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 DEC 17 PM 1: 28

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

APRIL GRACE f/k/a APRIL
GOWDY,

Plaintiff,

CASE NO.: 3:15-cv-1496-J-25PDB

-vs-

NAVIENT SOLUTIONS, INC.,

Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, APRIL GRACE f/k/a APRIL GOWDY, by and through undersigned counsel, and hereby sues the Defendant, NAVIENT SOLUTIONS, INC. ("NAVIENT"), and in support thereof respectfully alleges the following:

1.     Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## INTRODUCTION

2.     The TCPA was enacted to prevent companies like NAVIENT from invading American citizen's privacy and prevent abusive "robo-calls."

3.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force

the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).  See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9.    Venue is proper in this District because the Plaintiff resides in this District (Middle District of Florida), the phone calls were received in this District, and the Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

10.    Plaintiff APRIL GRACE f/k/a APRIL GOWDY is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, and resides in this District.

11.    Plaintiff is a "consumer" as defined in Florida Statute §559.55(2).

12.    Defendant is a "debt collector" as defined by Florida Statute §559.55(6). Defendant sought to collect a debt from the Plaintiff.

13.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

14.    Defendant is Delaware corporation with a principal place of business and/or office for transacting its business located at 2001 Edmund Halley Drive, Reston, Virginia 20191 and conducts business in the State of Florida.

15.    The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, by the Defendant's placing of illegal calls to Plaintiff while she resided in the State of Florida.

16.    Defendant has a Registered Agent in the State of Florida at Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

17.    Defendant, at all material times, was attempting to collect on a student loan debt (hereinafter the "subject account"), which was issued and serviced by Defendant.

18.     In approximately February of 2015, Defendant began a campaign of telephone harassment of the Plaintiff by calling Plaintiff's cellular telephone multiple times a day in an effort to collect a debt.

19.     On approximately September 18, 2015, Plaintiff told Defendant to stop calling.

20.     Despite Plaintiff's clear instructions to Defendant to stop calling, Defendant continued to call Plaintiff on her cellular telephone.

21.     On approximately, September 29, 2015, Plaintiff again told Defendant to stop calling. Defendant responded, "We will stop calling you." However, the calls continued unabated through the filing of this Complaint.

22.     On or about October 15, 2015, Plaintiff again told NAVIENT to stop calling her when she received a call from NAVIENT at approximately 5:39 p.m. from phone number 585-445-6797. However, the calls continued.

23.     On or about October 20, 2015, Plaintiff again told NAVIENT to stop calling her when she received a call from NAVIENT at approximately 6:55 p.m. from phone number 585-445-6797. However, the calls continued.

24.     On or about October 22, 2015, Plaintiff again told NAVIENT to stop calling her when she received a call from NAVIENT at approximately 11:47 a.m. from phone number 585-445-6797. However, the calls continued.

25.     On or about October 30, 2015, Plaintiff again told NAVIENT to stop calling her when she received a call from NAVIENT at approximately 9:51 a.m. from phone number 317-550-5616. However, the calls continued.

4

26.    On or about November 5, 2015, Plaintiff again told NAVIENT to stop calling her when she received a call from NAVIENT at approximately 5:42 p.m. from phone number 317-550-5616. However, the calls continued.

27.    Defendant NAVIENT knowingly and/or willfully harassed and abused Plaintiffs on numerous occasions by calling Plaintiff APRIL GRACE'S cellular telephone number up to three (3) times a day from approximately September 18, 2015 through the filing of this Complaint with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.  Plaintiff received approximately 68 telephone calls to her cellular phone from NAVIENT between September 18, 2015 and December 14, 2015.

28.    Upon information and belief, some or all of the calls the Defendant made to Plaintiff APRIL GRACE's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received, because she heard a pause when she answered her phone before a voice came on the line, and because of the multitude of prerecorded messages that she received.

29.    Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

30.    Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after September 18, 2015 were done so after Plaintiff had revoked consent and without the "express consent" of the Plaintiff.

5

31.     Plaintiff APRIL GRACE is the subscriber, regular user and carrier of the cellular telephone number, (904) \*\*\* - 7455.  Plaintiff was the called party and recipient of Defendant's autodialer calls.

32.     The autodialer calls from Defendant came from the telephone numbers including but not limited to 877-830-7667, 585-445-6797, 317-550-5616, and 302-261-5781 and when those numbers are called, an automated voice answers and identifies itself as "Thank you for calling Navient Department of Education Loan Servicing.  This call may be monitored or recorded."

33.     Despite Plaintiff informing Defendant to stop calling on multiple occasions, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

34.     The autodialer calls from Defendant continued, on average, three (3) times a day from September 18, 2015 through the filing of this Complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

35.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

36.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond September 18, 2015 when Plaintiff first advised Defendant to stop calling. While Plaintiff was not able to keep track of every single call, below is a sampling of the calls that she received from NAVIENT:

        a. 10/05/15 at 8:15 p.m.

        b. 10/06/15 at 5:39 p.m.

6

c. 10/07/15 at 1:09 p.m.

d. 10/08/15 at 10:26 p.m.

e. 10/09/15 at 9:53 a.m.

f. 10/12/15 at 10:35 a.m.

g. 10/12/15 at 6:03 p.m.

h. 10/13/15 at 10:43 a.m.

i. 10/13/15 at 7:01 p.m.

j. 10/14/15 at 12:55 p.m.

k. 10/14/15 at 5:15 p.m.

l. 10/15/15 at 5:39 p.m.

m. 10/20/15 at 12:12 p.m.

n. 10/20/15 at 5:16 p.m.

o. 10/20/15 at 6:55 p.m.

p. 10/22/15 at 10:46 a.m.

q. 10/22/15 at 11:47 a.m.

r. 10/23/15 at 9:53 a.m.

s. 10/24/15 at 3:11 p.m.

t. 10/25/15 at 8:15 p.m.

u. 10/26/15 at 10:30 a.m.

v. 10/26/15 at 5:51 p.m.

w. 10/2715 at 11:41 a.m.

x. 10/27/15 at 6:37 p.m.

y. 10/28/15 at 4:13 p.m.

z. 10/28/15 at 6:45 p.m.

aa. 10/29/15 at 2:16 p.m.

bb. 10/29/15 at 7:47 p.m.

cc. 10/30/15 at 9:51 a.m.

dd. 10/31/15 at 8:17 a.m.

ee. 11/02/15 at 5:54 p.m.

ff. 11/02/15 at 7:59 p.m.

gg. 11/03/15 at 8:28 a.m.

hh. 11/03/15 at 7:46 p.m.

ii. 11/04/15 at 1:14 p.m.

jj. 11/04/15 at 5:03 p.m.

kk. 11/05/15 at 10:42 a.m.

ll. 11/05/15 at 5:42 p.m.

mm. 11/06/15 at 9:37 a.m.

nn. 11/06/15 at 4:18 p.m.

oo. 11/11/15 at 1:34 p.m.

pp. 11/12/15 at 1:19 p.m.

qq. 11/13/15 at 3:42 p.m.

rr. 11/14/15 at 8:12 a.m.

ss. 11/15/15 at 5:29 p.m.

tt. 11/17/15 at 2:58 p.m.

uu. 11/18/15 at 11:49 a.m.

vv. 11/19/15 at 3:03 p.m.

ww. 11/20/15 at 1:59 p.m.

xx. 11/21/15 at 8:11 a.m.

yy. 11/22/15 at 5:47 p.m.

zz. 11/23/15 at 2:31 p.m.

aaa. 11/24/15 at 3:12 p.m.

bbb. 11/25/15 at 11:58 a.m.

ccc. 11/28/15 at 8:07 a.m.

ddd. 11/29/15 at 5:55 p.m.

eee. 11/30/15 at 2:31 p.m.

ddd. 11/30/15 at 3:43 p.m.

eee. 12/01/15 at 6:25 p.m.

fff. 12/02/15 at 1:18 p.m.

ggg. 12/03/15 at 8:53 p.m.

hhh. 12/04/15 at 5:23 p.m.

iii. 12/05/15 at 8:05 a.m.

jjj. 12/07/15 at 5:13 p.m.

kkk. 12/08/15 at 4:05 p.m.

lll. 12/09/15 at 12:59 p.m.

mmm. 12/10/15 at 1:29 p.m.

nnn. 12/11/15 at 5:26 p.m.

ooo. 12/12/15 at 8:06 p.m.

ppp. 12/13/15 at 6:01 p.m.

37.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individuals, like Plaintiff, advising Defendant to stop calling.

38.     Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

39.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

40.     Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call people who have revoked consent to be called.

41.     Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

42.     Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

## COUNT I
### (Violation of the TCPA)

43.     Plaintiff re-allege and incorporate Paragraphs one (1) through forty-two (42) above as if fully stated herein.

44.     None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

45.     Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's express consent.

10

46.    The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant on or about September 18, 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact the Plaintiff, and told Defendant to stop calling the Plaintiff.

47.    Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, NAVIENT SOLUTIONS, INC. for statutory damages, punitive damages, actual damages, treble damages, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48.    Plaintiff incorporates Paragraphs one (1) through forty-two (42) above as if fully set forth herein.

49.    At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

50.    Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or his family. Defendant continued to call Plaintiff without Plaintiff's prior express consent and after Plaintiff informed Defendant to stop calling. Defendant called Plaintiff almost daily which

11

is a frequency that can be reasonably expected to harass.  The calls continue through the filing of this complaint.

51.      Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, NAVIENT SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, attorney's fees, costs, interest, and any other such relief the court may deem just and proper.


Respectfully submitted,

/s/ *Octavio Gomez*

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa,  P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 222-4725
Florida Bar #:  338620
Attorney for Plaintiff
TGomez@ForThePeople.com